■ GEORGE F. ROBERTS et al., Appellants, v. SHIRLEY E. P. FEATHERS, as Executrix of WILLIAM H. FEATHERS, Deceased, Respondent.— In this action by plaintiffs *inter alia* for specific performance of an oral contract alleged to have been made by defendant's testator to reconvey a parcel of real estate to them, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, dated August 10, 1970 and made after a nonjury trial, which dismissed the complaint on the merits and awarded possession of the subject property to

defendant's testator. Judgment affirmed, without costs. No opinion. Rabin, P. J., Hopkins, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant specific performance to plaintiffs, with the following memorandum: In my opinion the proof in this case establishes that defendant's testator, William H. Feathers, took the deed to plaintiffs' property merely as security for a loan to plaintiffs, and that the deed consequently was nothing more than a *de facto* mortgage. This is made clear by plaintiffs' payment of $500 to Feathers in 1966, on account of the sum advanced by the latter at the time he took title to plaintiffs' property, and by Feathers' acceptance of that payment. Hence, upon payment of the balance still due to Feathers, plaintiffs are entitled to a judgment directing Feathers' executrix to reconvey the property to them. A contrary holding would result in an unjust enrichment of Feathers' estate, since it would thus obtain a house now worth at least ten times the amount originally advanced by Feathers; and particularly unjust would that be here where the transaction was not a business deal but one between friends. I therefore vote to reverse and grant specific performance to plaintiffs, upon condition that they pay to defendant the balance of the sum advanced by Feathers when he obtained title to the property.